1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   EASTERN DISTRICT OF CALIFORNIA
10

11  JOHN R. GHOLAR,              )     1:03-cv-05371-AWI-DLB-HC
                                 )
12          Petitioner,          )     **ORDER ADOPTING FINDINGS AND**
                                 )     **RECOMMENDATIONS** (Doc. 35)
13  v.                           )
                                 )     **ORDER DENYING PETITION FOR**
14  ALLEN K. SCRIBNER, WARDEN,   )     **WRIT OF HABEAS CORPUS**
                                 )
15          Respondent.          )     **ORDER DIRECTING CLERK TO ENTER**
    _____ )     **JUDGMENT FOR RESPONDENT**
16

17       Petitioner is a state prisoner proceeding pro se with a

18  Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

19       On January 31, 2005, the Magistrate Judge filed Findings and

20  Recommendations that recommended the Petition for Writ of Habeas

21  Corpus be DENIED, and judgment be entered in favor of Respondent.

22  These Findings and Recommendations were served on all parties and

23  contained notice that any objections were to be filed within thirty

24  (30) days from the date of service of that order.  On February 10,

25  2005, Petitioner filed a motion to extend time.  On March 7, 2005,

26  the court granted Petitioner an additional thirty (30) days within

27  which to respond.  On April 14, 2005, Petitioner filed objections

28  to the Findings and Recommendations.

1

1    In accordance with the provisions of 28 U.S.C. § 636

2  (b)(1)(C), this Court has conducted a *de novo* review of the case.

3  Having carefully reviewed the entire file, including Petitioner's

4  objections, the Court concludes that the Magistrate Judge's

5  Findings and Recommendation are supported by the record and proper

6  analysis.  Petitioner's objections present no grounds for

7  questioning the Magistrate Judge's analysis.

8    Petitioner contends in his objections, as he did in his

9  petition, that there was insufficient evidence to convict him

10  because the victim lacked credibility.  Viewing the evidence as a

11  whole and in the light most favorable to the prosecution, there was

12  sufficient evidence such that a rational trier of fact could have

13  found the essential elements of the crime beyond a reasonable

14  doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).  The court

15  must respect the jury's determination of the credibility of the

16  witnesses, to resolve evidentiary conflicts, and to draw reasonable

17  inferences from proven facts by assuming the jury resolved all

18  conflicts in a manner supporting the verdict.  Walter v. Maass, 45

19  F.3d 1355, 1358 (9th Cir.1995); United States v. Goode, 814 F.2d

20  1353, 1355 (9th Cir.1987); see also Schlup v. Delo, 513 U.S. 298,

21  330 (1995) (stating that under Jackson, "assessment of the

22  credibility of witnesses is generally beyond the scope of review").

23  Thus, the court agrees with the Magistrate Judge's conclusion that

24  Petitioner is not entitled to habeas corpus relief on the ground

25  that there was insufficient credible evidence to support the

26  verdict.

27    Petitioner also contends that his prior conviction for sodomy

28  should not have been used to enhance his sentence.  Petitioner

2

1   points out that the victim in Petitioner's prior case testified in

2   this action that no sodomy ever occurred.  As explained by the

3   Magistrate Judge, where, as here, a petitioner's state court

4   conviction is used to enhance a criminal sentence, the petitioner

5   "may not challenge the enhanced sentence through a petition under §

6   2254 on the ground that the prior conviction was unconstitutionally

7   obtained." Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394,

8   403-04 (2001).  A habeas petitioner may not collaterally challenge

9   a prior conviction which is "no longer open to direct or collateral

10  attack in its own right," unless "there was a failure to appoint

11  counsel in violation of the Sixth Amendment." Id. at 404.[1]  Because

12  Petitioner's challenge to his prior conviction is based on

13  sufficiency of the evidence and there is no argument Petitioner was

14  not represented by counsel, Lackawanna's "failure to appoint

15  counsel" exception does not apply.  Petitioner is precluded from

16  collaterally attacking his prior conviction through this section

17  2254 petition.

18      Petitioner also objects to the Magistrate Judge's findings

19  regarding the testimony of the victim in the prior case.

20  Petitioner claims that allowing the victim in the prior case to

21

22      [1]  Three Justices in Lackawanna recognized two additional
23  exceptions: (1) when a state court refuses, "without justification,"
    to rule on a constitutional claim that has been properly presented to
24  it and (2) when a defendant obtains "compelling evidence that he is
    actually innocent of the crime for which he was convicted" after the
25  time for direct or collateral review has expired that could not have
    been uncovered in a timely manner. Lackawanna, 532 U.S. at 405
26  (plurality opinion). Because these additional exceptions were not
    agreed on by a majority of the Supreme Court, they cannot serve as the
27  basis for habeas corpus relief.  See 28 U.S.C. § 2254 (allowing habeas
    relief if the state court's decision is contrary to or an unreasonable
28  application of clearly established federal law as determined by the
    Supreme Court).

1   testify improperly influenced the jury to convict in this case.[2]

2   The court agrees with the Magistrate Judge that the state trial

3   court's admission into evidence of Petitioner's prior sexual

4   offenses did not render his trial fundamentally unfair. The

5   evidence was admitted under California Evidence Code § 1108 to show

6   Petitioner's propensity to commit the charged offense.   The prior

7   offences were factually similar to the  current charge of a lewd

8   act with a child under fourteen, they were not too remote in time,

9   and the evidence of them was reliable.  See United States v. LeMay

10  III, 260 F.3d 1018, 1027-29 (9th Cir.2001).  Thus, the court agrees

11  that the admission of evidence of prior sexual assaults did not

12  violate Petitioner's constitutional rights.

13       Petitioner objects to the Magistrate Judge's finding that the

14  prosecutor did not commit misconduct by introducing false

15  testimony.   Petitioner cites to alleged inconsistencies in the

16  victim's testimony.  As explained by the Magistrate Judge, a

17  petitioner is only entitled to habeas corpus relief if the

18  prosecutor's misconduct so infected " the trial with unfairness as

19  to make the resulting conviction a denial of due process."

20  Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974).  "To

21  constitute a due process violation, the prosecutorial misconduct

22  must be "of sufficient significance to result in the denial of the

23

24       [2] The court notes that Petitioner is challenging the admission of
    the prior victim's testimony and not the jury instructions given
25  regarding her testimony.   See Gibson v. Ortiz, 387 F.3d 812 (9th
    Cir. 2004) (discussing legality of CALJIC No. 2.50.01).   Regardless
26  of whether such a claim could be implied, a claim concerning the jury
    instructions has never been presented to the California Supreme Court
27  and is thus unexhausted. See 28 U.S.C. § 2254(b)(1) (petition for writ
    of habeas corpus shall not be granted unless the petitioner has
28  "exhausted the remedies available in the courts of the State.").

4

defendant's right to a fair trial." <u>Greer v. Miller</u>, 485 U.S. 756, 765, 107 S.Ct. 3102, 3109 (1987).  A conviction obtained by the knowing use of false testimony is fundamentally unfair and must be set aside if there is any reasonable likelihood that the false testimony affected the judgment of the jury.  <u>United States v. Bagley</u>, 473 U.S. 667, 678-80 (1985).  Mere inconsistencies in testimony do not establish that the prosecution presented false testimony. <u>See</u>, <u>e.g.</u>, <u>United States v. Zuno-Arce</u>, 44 F.3d 1420, 1423 (9th Cir. 1995) (inconsistencies between testimony at trial and retrial did not amount to presentation of false testimony); <u>United States v. Sherlock</u>, 962 F.2d 1349, 1364 (9th Cir. 1992) (inconsistencies with testimony of witnesses did not amount to presentation of false testimony). "Lawyers in criminal cases, for prosecution and defense, sometimes swim in a sea of lies, and must necessarily trust the jury to determine what is true, or whether reasonable doubt remains about what is true." <u>Zuno-Arce</u>, 44 F.3d at 1423.  The court agrees with the Magistrate Judge that the prosecutor did not knowingly present false testimony by allowing the victim to testify despite inconsistences in her statements.

Accordingly, the court agrees with the Magistrate Judge that Petitioner has not shown the state court's adjudication of Petitioner's claims was contrary to, involved an unreasonable application of clearly established Federal law, or resulted in a decision that was based on an unreasonable determination of the facts.   IT IS HEREBY ORDERED that:

1.   The Findings and Recommendation, filed January 31, 2005, are ADOPTED IN FULL;

2.   The Petition for Writ of Habeas Corpus is DENIED; and,

1        3.    The Clerk of Court ENTER judgment in favor of Respondent.

2

3   IT IS SO ORDERED.

4   **Dated:    May 3, 2005**                    _____/s/ Anthony W. Ishii_____
    0m8i78                                       UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28