IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. GHOLAR,<br><br>　　　　Petitioner,<br>　v.<br>ALLEN K. SCRIBNER, WARDEN,<br><br>　　　　Respondent. | )<br>) CV F 03-5371 AWI DLB HC<br>)<br>) ORDER GRANTING IN PART AND<br>) DENYING IN PART A CERTIFICATE<br>) OF APPEALABILITY<br>)<br>) (Document #43)<br>)<br>) |

　　　　Petitioner, a state prisoner proceeding pro se, is proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 4, 2005, the court adopted the Magistrate Judge's Findings and Recommendations and denied the habeas corpus petition.  On May 4, 2005, the Clerk of the Court entered judgment.  On March 7, 2005, Petitioner filed a notice of appeal.

　　　　While Petitioner has not specifically filed a request for a certificate of appealability, a prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person

charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
 (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
  (B) the final order in a proceeding under section 2255.
 (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
 (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If the court denies habeas corpus petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327;  Slack v. McDaniel, 529 U.S. 473, 484 (2000). While Petitioner, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 337-38.

In the present case, the court finds that reasonable jurists would not disagree with the court's determination that Petitioner has failed to show that the state court's adjudication of Petitioner's claims except for one was contrary to clearly established federal law or unreasonable. However, the court finds that reasonable jurists might disagree with the court's determination that Petitioner's prior conviction for sodomy should not have been used to enhance his current sentence.   Evidence was introduced indicating that Petitioner may have been innocent of this crime.   The victim in Petitioner's prior case testified in this action that no sodomy ever occurred. In denying the petition, rhe court found that it must deny this claim because a petitioner may not challenge an enhanced sentence through a petition under Section 2254 on the ground that the prior conviction was unconstitutionally obtained unless the petitioner was denied of counsel in the prior proceeding. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001). However, the court notes that three Justices in Lackawanna recognized two additional exceptions to this rule.  One additional exception is when a defendant obtains "compelling evidence that he

is actually innocent of the crime for which he was convicted" after the time for direct or collateral review has expired that could not have been uncovered in a timely manner. Lackawanna, 532 U.S. at 405 (plurality opinion).   In light of this potential exception to the rule announced in Lackawanna, it appears that jurists of reason could disagree with this court's resolution of this claim and/or that jurists could conclude that this issue deserves encouragement to proceed further.

Accordingly, the court ORDERS that Petitioner's request for  a certificate of appealability is GRANTED on Petitioner's claim that Petitioner's sentence was unconstitutionally enhanced by a prior conviction for which there was newly discovered evidence indicating that Plaintiff may have been innocent.   In all other respects, no certificate of appealability SHALL BE ISSUED.

IT IS SO ORDERED.

**Dated:     May 24, 2005**                                        **/s/ Anthony W. Ishii**
0m8i78                                                             UNITED STATES DISTRICT JUDGE

3