IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. GHOLAR, | CASE NO. CV-F-03-5371 AWI DLB HC |
| Petitioner, | ORDER DENYING PETITIONER'S REQUEST TO BROADEN CERTIFICATE OF APPEALABILITY, DENYING MOTION FOR STAY, AND DENYING MOTION FOR COUNSEL |
| vs. | |
| ALLEN K. SCRIBNER, WARDEN, | |
| Respondent. | [Docs. #48, #49, #50, #51] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 4, 2005, the Court denied the petition for writ of habeas corpus and judgment was entered in favor of Respondent. Petitioner filed a notice of appeal on May 18, 2005, and a request for a certificate of appealability on May 20, 2005.

On May 25, 2005, the Court granted in part and denied in part Petitioner's request for a certificate of appealability. The Court granted petitioner's request as to Petitioner's claim that his sentence was unconstitutionally enhanced by a prior conviction for which there was newly discovered evidence indicating Petitioner may have been innocent.

On June 10, 2005, Petitioner filed a request to "Broaden" the Application for Certificate of Appealability. On June 17, 2005, Petitioner filed a motion to stay the proceedings pursuant to Rule 62(d) of the Federal Rules of Civil Procedure. On July 5, 2005, and July 25, 2005, Petitioner filed

motions for the appointment of counsel.

After reviewing Petitioner's request to broaden the certificate of appealability, the Court does not find that Petitioner has made a substantial showing of the denial of a constitutional right, other than the issue already certified for appeal. 28 U.S.C. § 2253. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). If the court denies a Petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). The underlying basis of Petitioner's other claims is that no one should have believed the victim. Given the respect that must be given to the trier of fact's credibility determinations, see Jackson v. Virginia, 443 U.S. 307 (1979), reasonable jurists would not disagree with the court's determination on Petitioner's other claims. Accordingly, Petitioner's request to broaden the certificate of appealablity, is DENIED.

Further, Petitioner's request to stay must be denied. Rule 62(d) provides that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay." Fed. R. Civ. P. 62(d). "[A] party making an appeal from the District court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d)." American Mfrs. Mut. Ins. Co. V. American Broadcasting-Paramount Theatres, Inc., 87 S.Ct. 1, 3 (1966) (mem.). Rules 62(d) is inapplicable to the instant case as no money judgment was entered. In addition, Rule 62 would only postpone Petitioner having to pay a money judgment, it would not delay an appeal.

Petitioner appears to be asking the court to stay his petition while he exhausts state remedies on other claims. While holding a petition containing exhausted claims in abeyance is one option for the court early in an action, see Calderon v. United States Dist. Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998), the court has no power to stay the case pending exhaustion here. Judgment has been entered, and this habeas corpus petition is over. Thus, there is no active case for the court to hold in abeyance. If Petitioner desires the appeal to be stayed, Petitioner must make his request to the Ninth Circuit. Accordingly, Petitioner's request for a stay must be DENIED.

Finally, Petitioner has filed a request for counsel addressed to both this court and the Ninth Circuit. A review of both motions reveals that Petitioner is requesting help in prosecuting his appeal in the Ninth Circuit. This Court does not appoint counsel for the purposes of appeal. Petitioner should file a motion in the Ninth Circuit if he desires counsel on appeal.[1] Thus, Petitioners' motions for counsel are DENIED without prejudice to re-filing these motions at the Ninth Circuit.

Accordingly, the court ORDERS that:

1. Petitioner's request to broaden the certificate of appealablity is DENIED;
2. Petitioner's motion to stay is DENIED; and
3. Petitioner's motions for the appoint of counsel are DENIED without prejudice to Petitioner re-filing these motions at the Ninth Circuit.

IT IS SO ORDERED.

**Dated:   August 22, 2005**                             **/s/ Anthony W. Ishii**
0m8i78                                                    UNITED STATES DISTRICT JUDGE

---

[1] Petitioner is informed that to file something with the Ninth Circuit, Petitioner must file it at the address for the Ninth Circuit, not this court. It is unnecessary for Petitioner to serve this court with courtesy copies of documents he files with the Ninth Circuit.